ANNE M. BEVINGTON (SBN 111320)
TINO X. DO (SBN 221346)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Bay Parkway, Suite 100
Alameda, CA 94502104
(510) 906-4710
abevington@sjlawcorp.com
tdo@sjlawcorp.com

Attorneys for Plaintiffs California Service
Employees Health & Welfare Trust Fund, et al.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SERVICE EMPLOYEES HEALTH & WELFARE TRUST FUND, CHRISTOPHER BOUVIER, Trustee, CHARLES GILCHRIST, Trustee, DAVID HUERTA, Trustee, RAYMOND C. NANN, Trustee, MARK SHARWOOD, Trustee, and LARRY T. SMITH, Trustee,<br><br>Plaintiffs,<br><br>vs.<br><br>SAN JOAQUIN COUNTY FAIR., a California unincorporated association,<br><br>Defendant. | CASE NO.:<br><br>**COMPLAINT** |

**PARTIES**

1. Plaintiff California Service Employees Health & Welfare Trust Fund ("the Trust") is a multiemployer joint labor-management welfare fund established pursuant to Section 302(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c). The Trust maintains an administrative office in San Francisco, California. Its purpose is to provide health and welfare and related benefits to the eligible employees of employers who contribute to the Trust pursuant to various consecutive collective bargaining agreements ("Bargaining Agreements") between local unions affiliated with the Service Employees International Union ("SEIU").

- 1 -
COMPLAINT
Case No.

2. Plaintiffs Christopher Bouvier, Charles Gilchrist, David Huerta, Raymond C. Nann, Mark Sharwood, and Larry T. Smith are Trustees of the Trust. Trustees are fiduciaries with respect to the Trust as defined in 3(21)(A) of Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(21)(A), and are collectively the "plan sponsor" within the meaning of 3(16)(B)(iii) of ERISA, 29 U.S.C. §§ 1002(16)(B)(iii).

3. Defendant San Joaquin County Fair, a California unincorporated association, ("Defendant") is a fair that is usually held annually in Stockton, California, has horse racing and exhibits local agricultural products and livestock. The business of Defendant affects commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185.

## JURISDICTION

4. Jurisdiction exists in this Court over the claims asserted by the Plaintiffs by virtue of ERISA Section 502, 29 U.S.C. § 1132, in that the Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices that violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

5. Jurisdiction exists in this Court over all the claims by virtue of Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, in that the Plaintiffs seek to enforce the terms and conditions of the Bargaining Agreements between the employer and a labor organization.

6. To the extent jurisdiction over any claim does not exist under ERISA and/or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 28 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction and it would further judicial economy, convenience, fairness and comity to exercise jurisdiction over the claims.

## VENUE

7. Venue exists in this Court with respect to the claims under ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Trust is administered in this district.

///

- 2 -

COMPLAINT
Case No.

**INTRADISTRICT ASSIGNMENT**

8. The basis for assignment of this action to this Court's San Francisco and Oakland Division is that a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in the City and County of San Francisco, where the Trust is administered.

**APPLICABLE LAW**

9. Section 515 of ERISA, 29 U.S.C. § 1145, requires that employers who are obligated to make contributions to a multiemployer plan do so in accordance with the terms of the Bargaining Agreement.

10. ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), provides as follows:

> In any action under this title by a fiduciary for or on behalf of a plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan:
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of:
>
>     (i) interest on the unpaid contributions, or
>
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

11. ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), authorizes a civil action by the Trustees as ERISA fiduciaries:

> (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or
>
> (B) to obtain other appropriate equitable relief

- 3 -

    (i) to redress such violations, or

    (ii) to enforce any provision of this title or the terms of the plan.

12. ERISA Section 209, 29 USC § 1059, recordkeeping and reporting requirements, states in relevant part:

> (a)(1) Except as provided by paragraph (2) every employer shall, in accordance with regulations prescribed by the Secretary, maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees. The plan administrator shall make a report, in such manner and at such time as may be provided in regulations prescribed by the Secretary, to each employee who is a participant under the plan and who —
>
>  (A) requests such report, in such manner and at such time as may be provided in such regulations,
>
>  (B) terminates his service with the employer, or
>
>  (C) has a 1-year break in service (as defined in section 203(b)(3)(A) [29 USC §1053(b)(3)(A)]).
>
> The employer shall furnish to the plan administrator the information necessary for the administrator to make the reports required by the preceding sentence.  Not more than one report shall be required under subparagraph (A) in any 12-month period.  Not more than one report shall be required under subparagraph (C) with respect to consecutive 1-year breaks in service.  The report required under this paragraph shall be sufficient to inform the employee of his accrued benefits under the plan and the percentage of such benefits which are nonforfeitable under the plan.
>
> (2)  If more than one employer adopts a plan, each such employer shall, in accordance with regulations prescribed by the Secretary, furnish to the plan administrator the information necessary for the administrator to maintain the records and make the reports required by paragraph (1).  Such administrator shall maintain the records and, to the extent provided under regulations prescribed by the Secretary, make the reports, required by paragraph (1).

13. The Trustees have a right under ERISA to conduct an audit of a contributing employer's relevant books and records under the terms of the Trust Agreements. *Central States, Southeast and Southwest Areas Pension Fund v Central Transport, Inc.*, 472 US 559 (1985), *reh'g denied* 473 U.S. 926.

/ / /

/ / /

/ / /

**FACTS**

14. At all times relevant to this action, Defendant, by and through its representative, the California Authority of Racing Fairs, was a party to and bound by a Master Agreement with the Pari-Mutuel Employees Guild, Local 280 SEIU (the "Union") covering Defendant's employees (the "Bargaining Agreement"). The Bargaining Agreement required that Defendant contribute to the Trust at specified rates per month on behalf of its eligible employees.

15. As an employer participating in the Trust, and pursuant to the terms of its Bargaining Agreement, Defendant is bound by the Agreement and Declaration of Trust ("Trust Agreement") establishing the Trust, the terms of the Trust's Plan Documents, and the rules, regulations and policies adopted by the Trustees under the authority of the Trust Agreement.

16. Defendant's contractual duty under the Bargaining Agreement requires it to timely make payment in full of the required contributions to the Trust according to its terms or the terms of the Bargaining Agreement, under ERISA Section 515, 29 U.S.C. § 1145.

17. At all times relevant to this action, under Article IV, Sections 4 and 5 of the Trust Agreement, and under their Bargaining Agreements, contributing employers were required to submit complete monthly remittance reports of all eligible employees covered by the Bargaining Agreement along with contributions owed, to the Trust on or before the 15th day of each month following the month in which the covered work was performed. Article IV, Section 4 of the Trust Agreement provided that an employer may be compelled by legal proceeding to prepare, submit and file with the Trust proper reports for any period for which the employer failed to file, and that until the proper report is filed by the employer and accepted by the Trust, the amount due from the employer shall be deemed to be not less than the amount due pursuant to the most recent complete report filed by the employer.

18. At all times relevant to this action, under Article IV, Sections 5 and 6(a) of the Trust Agreement, contributions received by the Trust after the 20th day of the month following the month in which the covered work was performed were deemed delinquent.

19. At all times relevant to this action, in accordance with ERISA Section 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B), Article IV, Section 6(c) of the Trust Agreement provided that

delinquent contributions shall accrue interest at the rate of ten percent (10%) simple interest per annum from the due date until paid.

20. At all times relevant to this action, in accordance with ERISA Section 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C), Article IV, Section 6(b) of the Trust Agreement provided that after the filing of a lawsuit, the employer shall be obligated to pay liquidated damages in an amount equal to the greater of: (1) 20% of the amount of the delinquent contributions, or (2) interest on the delinquent contributions as calculated under Article IV, Section 6(c) of the Trust Agreement.

21. At all times relevant to this action, in accordance with ERISA Section 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E), Article IV, Section 8 of the Trust Agreement provided that in the event of a lawsuit, in addition to the delinquent contributions, interest and liquidated damages due to the Trust, the delinquent contributing employer shall pay to the Trust all attorneys' fees incurred in the litigation and any audit fees incurred in the audit and in connection with the litigation.

22. At all times relevant to this action, Article IV, Section 7, of the Trust Agreement authorized the Trust to examine and copy such records of Defendant as may be necessary to determine whether Defendant has made full and prompt payment of all sums due to the Trust, and that such records include, but are not limited to, "time cards, payroll journals, payroll check registers, cancelled payroll checks, copies of the Employer's federal, state and local payroll tax report, cash disbursement journals, and all other documents reflecting the hours and wages of employees (whether or not such documents are privileged)."

23. On or about July 11, 2019, June 22, 2020 and August 5, 2020, the Trust's independent auditor sent a written audit demand to Defendant requesting documents necessary for the completion of payroll testing for the period January 1, 2015 through the present.

24. On or about February 18, 2020, and September 3, 2020, counsel for the Trust sent written demands to Defendant for documents that the Trust's auditors had requested from Defendant, but that Defendant had failed to provide.

/ / /

/ / /

COMPLAINT
Case No.

**FIRST CAUSE OF ACTION**
**For An Order Requiring Defendant To Permit An Examination**
**of Its Business Records and for Payment of Delinquent Contributions**
**Under ERISA Sections 502(a)(3), 502(g)(2) and 515**

25. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 24, above as though fully set forth herein.

26. Defendant as a party to the Bargaining Agreement agreed to be bound by the terms thereof and by the Terms of the Trust Agreement and Plan document.

27. Despite repeated demands, Defendant has failed and refused to provide all of the documents requested by the Trust's auditor, including but not limited to Defendant's:

- Man hours reports to the Federation for the year of 2015;
- Payroll registers or other documents which show wages paid/worked and hours paid/worked by month (preferably) or week for the year of 2015;
- Employee timecards for the period in which the Defendant fair is active;
- Copies of invoices including name of payee, date, amount and payment description (supplies, services, etc.).
- California Wage and Withholding Reports (Forms DE 6) including employee's name, with only the last four digits of the social security number and gross taxable wages for the following quarters: 2015 – all four quarters.

28. Plaintiffs are without adequate remedy at law and the Trust will suffer continuing and irreparable injury, loss and damage unless Defendant is ordered specifically to perform its obligation under ERISA, the Bargaining Agreement, and the Trust Agreement to allow the Trust's representative access to those business records of Defendant that the Trust's representative identifies as necessary to complete the audit.

29. Defendant is also liable for payment of any delinquent contributions that may be determined to be due as of the date of Judgment by audit, remittance reports, or otherwise, including estimated contributions for any months Defendant fails to report to Plaintiffs, plus interest and liquidated damages on any such amounts, reasonable attorneys' fees, costs of suit, and audit expenses.

- 7 -

COMPLAINT
Case No.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray as follows:

1. For an order pursuant to the Court's equitable power under ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), and under ERISA Section 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), requiring Defendant to allow the Trust's representative access to those business records of Defendant that the Trust's representative identifies as necessary to conduct an audit for the period January 1, 2015 through the present, including but not limited to Defendant's:

- Man hours reports to the Federation for the year of 2015;
- Payroll registers or other documents which show wages paid/worked and hours paid/worked by month (preferably) or week for the year of 2015;
- Employee timecards for the period in which the Defendant fair is active;
- Copies of invoices including name of payee, date, amount and payment description (supplies, services, etc.).
- California Wage and Withholding Reports (Forms DE 6) including employee's name, with only the last four digits of the social security number and gross taxable wages for the following quarters: 2015 – all four quarters.

2. For judgment against Defendant, in favor of Plaintiffs, in an amount equal to:

   (a) Under ERISA Section 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A), and the Bargaining Agreement, an award of unpaid contributions due the Trust, according to proof, through the date of judgment;

   (b) Under ERISA Section 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B), an award of interest on unpaid contributions at the rate of 10% simple interest per annum from the date each contribution was due until it is paid;

   (c) Under ERISA Section 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C), an award of liquidated damages on unpaid contributions in an amount equal to the greater of:

   (i) Interest on the unpaid contributions, or

   (ii) 20% of the unpaid contributions.

      (d)    Plaintiffs' reasonable attorneys' fees and costs of this action in accordance with ERISA Section 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D), and in accordance with LMRA Section 301, 29 U.S.C. § 185, and reasonable attorney's fees and costs in accordance with Article IV, Section 8 of the Trust Agreement.

      (e)    Plaintiffs' reasonable audit fees under ERISA Section 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), and under Article IV, Section 8 of the Trust Agreement.

3.    That the Court retain jurisdiction of this case pending compliance with its orders.

4.    For such other and further relief as the Court may deem just and proper.

Date: February 17, 2021                  SALTZMAN & JOHNSON LAW CORPORATION

By:   /s/
       Tino X. Do
       Attorneys for Plaintiffs